IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELIJAH REED, #M-12485, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CASE NO. 12-cv-962-JPG |
| | ) |
| J. DURHAM, D. JOHNSON, | ) |
| J. MILLER, and C/O LOCKHEAD, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

    Plaintiff, currently incarcerated at Tamms Correctional Center ("Tamms"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined at Menard Correctional Center ("Menard"). Plaintiff is serving a life sentence for murder.

    In his complaint, Plaintiff claims that Defendants, who are all correctional officers, beat and injured him on July 22, 2012. Specifically, he notes that prior to the incident, Defendant Lockhead had threatened to harm Plaintiff several times. Plaintiff was confined in a segregation cell on July 22, when Defendant Lockhead approached the cell. Defendant Lockhead placed handcuffs on Plaintiff's cellmate (this was done by having the cellmate put both hands through the "chuckhole" in the cell door). Before the cell door was opened, Plaintiff asked Defendant Lockhead whether he (Plaintiff) also had to cuff up, since that was the procedure for inmates in segregation (Doc. 1, p. 3). Defendant Lockhead responded, "Today is your [expletive] day, Reid." *Id.* Defendant Lockhead then opened the cell door, moved the cellmate out, and struck

Plaintiff in the face with his fist and keys. As Plaintiff tried to defend himself, Defendants Johnson and Miller came in and "overpowered" Plaintiff. *Id.* Defendants then held Plaintiff in a choke hold on the floor for twenty minutes after they cuffed him.

Later, Defendants Lockhead, Johnson, and Miller took Plaintiff to a "bullpen" where Defendant Durham joined them (Doc. 1, p. 4). All Defendants then began beating Plaintiff again, injuring his eyes, mouth, nose, chest, back, and wrists. Plaintiff was transferred to Tamms the same day, after Defendant Miller wrote a disciplinary report. That report falsely stated that Plaintiff had been cuffed by Defendant Lockhead, but then Plaintiff slipped out of the cuffs and assaulted Defendant Lockhead when he entered Plaintiff's cell. Plaintiff claims that the incident was recorded on the prison's surveillance system.

Based on these facts, Plaintiff asserts claims of excessive force, battery, and deliberate indifference to health and safety. He seeks compensatory and punitive damages, as well as declaratory and injunctive relief.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against all Defendants for excessive force (Count 1) and for a state law battery claim (Count 2).[1] However, the deliberate indifference claim (Count 3) shall be dismissed without prejudice at this time.

The basis for Plaintiff's assertion of a deliberate indifference claim is that Defendants

---

[1] Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).

subjected him to physical harm by using excessive force against him, knowing that their actions would place his health and safety at risk. A deliberate indifference claim arises from an inmate's Eighth Amendment right to be free from cruel and unusual punishment – which is also the source of an excessive force claim. Additionally, Plaintiff's "deliberate indifference" claim is grounded on the identical facts which underlie the excessive force claim.[2] It would be redundant to allow both claims, based on the same set of facts, to go forward. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"). Because the excessive force claim shall be addressed in Count 1 above, the Count 3 deliberate indifference claim shall be dismissed.

**Pending motion**

The Court **DENIES** without prejudice Plaintiff's motion for appointment of counsel (Doc. 3). There is no constitutional or statutory right to appointment of counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). Federal District Courts have discretion under 28 U.S.C. § 1915(e)(1) to request counsel to assist pro se litigants. *Id.* When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). With regard to the first step of

---

[2] It is possible that Plaintiff may have a distinct cognizable deliberate indifference claim if he had medical needs that were not addressed following Defendants' attack on him. *See Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996) (a guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise"). However, Plaintiff has not pled any facts to support such a claim.

the inquiry, there is no indication that Plaintiff has even made an effort to obtain counsel on his own, much less been effectively precluded from obtaining counsel on his own.  Plaintiff may choose to re-file this motion at a later stage in the litigation.

**Disposition**

**COUNT 3** of the complaint is dismissed without prejudice.

The Clerk of Court shall prepare for Defendants **DURHAM, JOHNSON, MILLER,** and **LOCKHART**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   September 13, 2012**

*s/J. Phil Gilbert*
**United States District Judge**